UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9813 CAS (Jcx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | TEVI PEOU LENAI v. MARK J. GAINOR | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Glenn Litwak | Eric Arevalo |
| | Peter Cook |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** (filed 1/21/11)

## I.      INTRODUCTION

On October 12, 2010, plaintiff Tevi Peou Lenai ("Lenai") filed a complaint in the instant action against defendant Mark J. Gainor ("Gainor"). On December 21, 2010, defendant removed the action to federal court. On December 28, 2010, defendant filed a motion to strike the complaint pursuant to Rule 12(f), and a motion to dismiss the complaint pursuant to Rule 12(b)(6). On January 7, 2011, plaintiff filed an amended complaint ("FAC"). The amended complaint alleges claims for: (1) wrongful eviction; (2) conversion; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) breach of oral contract; (6) money lent (common count); and (7) violation of Cal. Civ. Code § 789.3. On January 11, 2011, the Court the Court denied defendant's motion as moot.

On January 21, 2011, defendant filed a motion to dismiss plaintiff's first, third, and seventh claims pursuant to Rule 12(b)(6). On February 10, 2011, plaintiff filed an opposition to defendant's motion. On February 22, 2011, defendant filed a reply in support of his motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9813 CAS (Jcx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | TEVI PEOU LENAI v. MARK J. GAINOR | | |

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9813 CAS (Jcx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | TEVI PEOU LENAI v. MARK J. GAINOR | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   DISCUSSION

According to plaintiff's FAC, the instant suit arises out of circumstances surrounding the end of a romantic relationship between plaintiff and defendant. Comp. at ¶ 7, 9. "In March 2010, defendant leased a large gated home in the Beverly Hills post office area at 1541 Summitridge Drive, Beverly Hills, California 9010 . . . for plaintiff and defendant to live as an engaged couple. Plaintiff and defendant moved into the Beverly Hills home on or about March 18, 2010." Id. at ¶ 14. Plaintiff further alleges that on or about June 22, 2010, defendant stole a number of items from her, including her engagement ring, a second ring, and a watch. Id. at ¶ 16. She further alleges that later that day, he "intentionally locked her out of their home," and changed the code to the security gate such that "she could not gain entry." Id. at ¶ 17. She further alleges that since that date she has never been allowed entry in the home, "was not permitted to remove numerous items of her personal property," and that the allegedly stolen jewelry has not been returned. Id. at ¶ 19.

Plaintiff argues first that the Court should not consider defendant's motion because defendant failed to comply with Local Rule 7-3. Opp. at 2. Defendant challenges this contention. Reply at 1. The Court declines to disregard defendant's motion, but admonishes both parties to comply with all local rules. Plaintiff also argues that the Court should not consider defendant's motion to dismiss plaintiff's first claim, pursuant to Fed. R. Civ. P. 12(g)(2), because the argument was available but not made by defendant's in their motion to dismiss plaintiff's original complaint. Mot. at 4. Defendant responds that because plaintiff added new claims in her FAC, defendant is "entitled to challenge the entire new complaint." Reply at 4. Alternatively, defendant requests that the Court treat defendant's instant motion as an amendment to its original motion to dismiss, in the interest of judicial economy. Id. at 6. The Court will consider defendant's motion in its entirety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9813 CAS (Jcx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | TEVI PEOU LENAI v. MARK J. GAINOR | | |

### A.  Plaintiff's First Claim for Wrongful Eviction

Defendant argues that plaintiff's first claim, for wrongful eviction, cannot stand because plaintiff did not have an exclusive possessory interest in the property, and therefore "[p]laintiff's only interest in the property was that of a licensee. . . . Plaintiff, as a licensee, is not entitled to statutory notice for eviction, and therefore, may be removed from the premises immediately, and without resort to an unlawful detainer action." Mot. at 5.

In opposition, plaintiff argues that she had exclusive possession of the property, along with defendant, "against all the world, including the owner of the premises," and therefore properly alleges a claim for wrongful eviction. Opp. at 10. Plaintiff bases this argument on the fact that she alleges that "Plaintiff and Defendant lived together at the Beverly Hills home pursuant to a written lease," and therefore she "has sufficiently alleged that she has exclusive possession of the premises against all the world, including the *owner* of the premises." Id. Further, plaintiff argues that in paragraph 22 of the FAC, she sufficiently alleges that she was a tenant at will, and therefore is entitled to "some form of legal remedy." Id. at 11. Moreover, plaintiff argues, even if she was characterized as a licensee, defendant was still required to bring unlawful detainer proceedings against her "because Plaintiff was in actual possession of the premises as it was her sole residence where she kept all her personal property and slept every night." Id. at 12.

In reply, defendant argues that plaintiff misapprehends the term "owner" with respect to the issue of exclusive possession. "Plaintiff's attempt to distinguish exclusive possession *as against owners* from *as against landlords* is unfounded in California law." Reply at 11. Moreover, defendant argues, whether plaintiff is described as a licensee or as a sublessee, she cannot establish exclusive possession as against defendant so as to maintain a wrongful eviction action against him. Id. at 9. "As thoroughly discussed in the moving papers, the determinative factor between whether a relationship is that of a licensor-licensee or landlord-tenant is whether the plaintiff can claim exclusive possession of the premises against the owner of the estate–whether the estate be in fee simple, life estate, or leasehold." Id. "Here, Plaintiff sued Defendant claiming the existence of a tenancy (tenancy-at-will). The existence of a tenancy is precluded by Plaintiff's inability to claim, as a matter of law, exclusive possession of the premises from that whom she is suing." Id. at 11. Therefore, defendant argues, the prohibition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9813 CAS (Jcx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | TEVI PEOU LENAI v. MARK J. GAINOR | | |

against self-help measures enumerated in Cal. Code Civ. P. §§ 1159, 1160, 789.3, and 1954 are inapplicable. Id. at 14-15.

### B. Plaintiff's Third Claim for Intentional Infliction of Emotional Distress

Defendant argues that while plaintiff claims in her FAC that the alleged wrongful eviction was the cause of the emotional distress at issue, this is only a rephrasing of her claim in her original complaint, in which she argued that the cause of her emotional distress was the manner of the break-up. Mot. at 8. "Plaintiff simply continues to plead that her severe emotional distress was caused by Defendant's breakup with her. . . . It is the manner of the breakup that is being alleged as the culprit of the emotional distress and it is the evaluation of the manner of the breakup that has no place in the judicial system." Id. "Under California law, a breakup does not constitute the 'outrageous conduct' necessary to assert a cause for Intentional Infliction of Emotional Distress." Id. at 9, citing Cochran v. Cochran, 65 Cal. App. 4th 488, 496 (1998), RESTATEMENT (SECOND) TORTS § 46 cmt. D (1965), Cal. Civ. Code §§ 43.5 and 43.4; Askew v. Askew, 22 Cal. App. 4th 942 (1994). "While Plaintiff alleged the lock-out and the property dispute in both the OC and the FAC, a clear reading of both pleadings shows that such conduct is nothing but the pure 'hostile unpleasantries' of a breakup–which the Cochran court clearly stated were not to be considered under the tort of Intentional Infliction of Emotional Distress." Id. at 10-11. Moreover, defendant argues, he had the right to lock her out of the property, as she was a mere licensee. Id. at 12. "As discussed above, Defendant, as the licensor and owner of estate (FAC ¶ 21) had the discretion to revoke (or terminate) plaintiff's license to use his property at his will, **without prior notice**." Id. "Further, the act of a lock-out (i.e. peaceful self-hep) is not 'outrageous conduct' in and of itself." Id. at 13.

In opposition, plaintiff argues that defendant's contention that a breakup does not constitute outrageous conduct is not relevant because "Plaintiff revised her Third Cause of Action for Intentional Infliction of Emotional Distress in her FAC to eliminate the relationship of Plaintiff and Defendant as an element of the claim and based her claim solely on the Defendant's wrongful self-help eviction of her." Opp. at 15. Moreover, plaintiff argues, "Plaintiff was Defendant's subtenant and Defendant was Plaintiff's landlord who should be held liable for abusing the power of his position. The authorities indicate that landlords have been held liable for abuse of their position." Id. at 17, 19 citing Richardson v. Pridmore, 97 Cal. App. 2d 124, 130 (1950); Emden v. Vitz, 88 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9813 CAS (Jcx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | TEVI PEOU LENAI v. MARK J. GAINOR | | |

App. 2d 313 (1948). Furthermore, plaintiff argues, "if reasonable persons may differ, it is for the jury to determine whether the conduct was, in fact, outrageous." Id. at 19. With respect to defendant's argument that plaintiff was a mere licensee, plaintiff argues that this is patently incorrect, as a license is a "nonposessory right to use property," and plaintiff "had both the express or [sic] implied authority from the Defendant to reside in the premises with Defendant." Id. at 20.

In reply, defendant argues that the cases cited by plaintiff are inapposite, because they do not address situations that arise in the context of a breakup of an intimate relationship. "If [the acts complained of] were done between two strangers, such acts could amount to outrageous behavior. But the fact [is] that they were done between two former lovers, in the course of the break-up; such facts make the acts nothing more than the hostile unpleasantries of a break-up . . . . Under Plaintiff's approach, almost every break-up would result in litigation, either because one former lover kicked the other out of their home, or because one former lover kept property of the other." Reply at 17.

### C.     Plaintiff's Seventh Claim for Violation of Cal. Civ. Code § 789.3(b)

Defendant argues that this statute, on its face, applies only to actions taken by landlords. Mot. at 15. For the reasons discussed above with respect to plaintiff's first claim, defendant argues that because plaintiff "has failed to proper[ly] allege that a tenancy has been created, as a matter of law . . . .[and] [a]bsent the existence of a tenancy, where there would be a landlord, Civil Code § 789.3(b) would be inapplicable." Id. at 16.

In opposition, plaintiff argues that she "alleges that she was a tenant at will as she occupied the premises, using it as her sole residence, with Defendant's consent," and therefore, "it clearly may be inferred that Defendant was a landlord within the meaning of Cal. Civ. Code § 789.3(b). Reply at 22. In support of this argument, plaintiff cites Covina Manor, Inc. v. Hatch, 133 Cal. App. 2d Supp. 790, 792-793 (1955) ("A permissive occupation of real estate, where no rent is reserved or paid and no time agreed on to limit the occupation, is a tenancy at will"), and Marquez-Luque v. Marquez, 192 Cal. App. 3d 1513, 1518 (6th Dist. 1987). Id. at 24. Moreover, plaintiff argues, even if the Court finds that plaintiff was a licensee, defendant was still required to employ legal process to remove plaintiff from the premises." Id. at 24-25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9813 CAS (Jcx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | TEVI PEOU LENAI v. MARK J. GAINOR | | |

In reply, defendant argues that plaintiff's contentions fail with respect to this claim for the same reasons that they fail with respect to her first claim. "Plaintiff continues to assert that upon breaking up, Defendant was required to give Plaintiff 30 days notice to vacate (as required by Civil Code § 789 for a tenancy at will), wait the 30 days, living with Plaintiff after the break-up, and then wait another 30 to 60 days after that for the summary proceedings of unlawful detainer to occur before he be separated from Plaintiff. This position is not only nonsensical, but simply not California law." Reply at 19. "Plaintiff did not have exclusive possession of the premises. Absent exclusive possession, a tenancy cannot be created and nothing but a mere license ensues. Once the license is terminated (which Defendant had a right to do so [sic] at will, without notice), Defendant is free to prevent any person from entering his premises, including a former licensee (which at this point, is nothing more than a trespasser)." Id. at 20. Defendant further argues that Marquez-Luque, cited by plaintiff, is distinguishable from the case at bar because in that case, the individual sought to be removed from the property had exclusive possession of the premises. Id.

### IV. CONCLUSION

The Court concludes that the issues raised by defendant's motion to dismiss claims one, three, and seven of plaintiff's FAC are more properly addressed on summary judgment. The question of the relationship between plaintiff and defendant with respect to the property at issue is better addressed upon a more complete record as to what agreement, if any, existed between them. The factual question of whether defendant engaged in outrageous conduct is also better addressed on a more complete record. In light of the foregoing, the Court DENIES defendant's motion to dismiss.

IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |